IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ARGONAUT MIDWEST INSURANCE COMPANY; AND COLONY INSURANCE COMPANY** | § § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 6:22-cv-00598** |
| **PHIL THWEATT WRECKER SERVICE, INC.; AAA TEXAS, LLC; COURTNEY TRAVIS JONES; RONNIE JONES; DEBBIE JONES; DANNY KRUMNOW; and CARMELLA KRUMNOW** | § § § § § § § § § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

NOW COME Plaintiffs Argonaut Midwest Insurance Company (Argonaut") and Colony Insurance Company ("Colony") with their Original Complaint and would show the following:

**I.     INTRODUCTION**

1.     This is an insurance coverage action regarding two insurance policies issued to Phil Thweatt Wrecker Service, Inc. ("Thweatt"). Argonaut issued a motor carrier liability policy to Thweatt and Colony issued a garage liability policy to Thweatt. Thweatt was sued in an Underlying Lawsuit styled *Courtney Travis Jones, et al. v. Michael L. Palmer et al.*, No. CV40806, in the 82d Judicial District Court of Falls County, Texas. Colony is defending Thweatt under the Garage Policy.

2.     Argonaut seeks a declaration is has no duty to defend or indemnify Thweatt under the Motor Carrier Policy.

3.      Further, Plaintiffs also seek a declaration that neither has a duty to defend or indemnify AAA Texas, LLC ("AAA") as an insured or additional insured on either the Motor Carrier Policy or the Garage Policy[1] issued to Thweatt.

## II.    PARTIES

4.      Plaintiff Argonaut is an Illinois insurance company (not an LLC) with its principal place of business located in Chicago, Illinois. Argonaut is a citizen of Illinois.

5.      Plaintiff Colony is a Virginia insurance company (not an LLC) with its principal place of business located in Richmond, Virginia. Colony is a citizen of Virginia.

6.      Defendant Thweatt is a corporation formed under Texas law with its principal place of business at 7336 Mesco Drive, Bryan, Texas 77808. Thweatt is a citizen of Texas. Thweatt may be served via its registered agent, James Philip Thweatt, at 7336 Mesco Drive, Bryan, Texas 77808.

7.      AAA is a limited liability company formed under Texas law. The members of AAA are Kent R. Livesay, Greg L. Backley, John F. Boyle, Raju T. Varma, Vicki G. Foshee, Anwar M. Othman, Gail C. Louis, Eric N. Wozniak, Katherine A. Sieck, and Suzanne J. Wisdom. Each of these members are natural persons who are domiciled in California. Therefore, AAA is a citizen of California. AAA may be served via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Defendants Courtney Travis Jones ("Jones"), Ronnie Jones, and Debbie Jones are natural persons who are domiciled in Texas. They are citizens of Texas.

9.      Defendants Danny Krumnow ("Krumnow") and Carmella Krumnow are natural persons who are domiciled in Texas. They are citizens of Texas.

---

[1] "Motor Carrier Policy" and "Garage Policy" as used in this Complaint are defined below.

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                    **PAGE 2**

## III.     JURISDICTION & VENUE

10.     This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of Illinois and Virginia and Defendants are citizens of California and Texas. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

11.     This Court has personal jurisdiction over Thweatt, Courtney Jones, Ronnie Jones, Debbie Jones, Danny Krumnow, and Carmella Krumnow because they are citizens of Texas. This Court has personal jurisdiction over AAA Texas, LLC because it purposefully availed itself of the benefits and protections of doing business in Texas.

12.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Argonaut's claims occurred in this District. The accident that gave rise to the Underlying Lawsuit occurred in Falls County, Texas, and the Underlying Lawsuit is pending before the 82d Judicial District Court of Falls County, Texas.

## IV.     BACKGROUND FACTS

13.     Thweatt was sued in two underlying lawsuits styled *Danny Krumnow, et al. v. Michael Palmer, et al.*, No. CV40806, in the 82d Judicial District Court of Falls County, Texas and *Courtney Travis Jones, et al. v. AAA Texas, LLC, et al.*, No. CV40807, in the 82d Judicial District Court of Falls County, Texas. These two lawsuits were consolidated into the single Underlying Lawsuit.

14.     The underlying plaintiffs allege that Michael Palmer ("Palmer") was driving his Mazda 3 on Highway 6 in Falls County, Texas on October 11, 2019. The road was wet and Palmer lost control of the car. Palmer's car struck Danny Krumnow and Matthew Jones.

15.     Krumnow, the police chief of Riesel, Texas, and Jones, a Deputy Sheriff in the Falls County Sheriff's Office, were working on the side of the road. Jones died as a result of the accident, and Krumnow was severely injured.

16.     The underlying plaintiffs allege that, not long before the accident, Palmer damaged the right front tire of his Mazda and ordered a replacement wheel and directional tire from underlying defendant Pilger's Tire & Auto Center ("Pilger's").

17.     Pilger's allegedly mounted the new directional tire on the replacement wheel. Palmer picked up the tire/wheel and took it home. Palmer then called AAA to have the tire/wheel installed on his Mazda.

18.     The underlying plaintiffs allege that AAA retained Thweatt to go to Palmer's house and install the tire/wheel and that Thweatt did so. However, Thweatt allegedly installed the directional tire in the wrong direction.

19.     Later, when Palmer was driving on the wet road the day of the accident, the underlying plaintiffs allege the directional tire mounted in the wrong direction caused Palmer's Mazda to hydroplane, which resulted in the accident.

## V.     THE MOTOR CARRIER POLICY DOES NOT COVER THE UNDERLYING CLAIMS

20.     Argonaut issued Motor Carrier Policy No. MC8313039 to Thweatt, effective from August 27, 2019, to August 27, 2020 ("Motor Carrier Policy"). The limit of insurance on the Motor Carrier Policy is $500,000 per accident or loss.

21.     The Motor Carrier Policy's insuring agreement provides, in pertinent part:

SECTION II –LIABILITY COVERAGE

A. Coverage

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused

by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

22.     Covered autos are designated in the policy by symbols 67, 68, and 71, which are

defined as follows:

| 67 | Specifically Described Autos | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 68 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |
| 71 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

23.     Palmer's Mazda 3 is not a "covered auto" on the Motor Carrier Policy because it is

not a Specifically Described "Auto," Hired "Auto," or a Non-owned "Auto," as those terms are

defined by the Policy. Palmer's Mazda 3 is not a Non-Owned "Auto" because it was not used in

connection with Thweatt's business.

24.     Further, the Motor Carrier Policy's liability coverage is limited by the following

exclusion:

B.  Exclusions

This insurance does not apply to any of the following:

* * *

10. Completed Operations

"Bodily injury" or "property damage" arising out of "your work" after that work has been completed or abandoned. In the exclusion, your work means:

a.  Work or operations performed by you or on your behalf; and

b.  Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph a. or b. above.

Your work will be deemed completed at the earliest of the following times:

(1)  When all of the work called for in your contract has been completed.

(2)  When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3)  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

25.     This exclusion precludes coverage under the Motor Carrier Policy for the claims asserted in the Underlying Lawsuit against Thweatt because the accident occurred after Thweatt's work was complete. The underlying plaintiffs allege that Thweatt installed the wheel and directional tire on Palmer's car, and after the wheel and directional tire were on the car, Palmer lost control and struck Krumnow and Jones.

26.     The Motor Carrier Policy also contains an endorsement titled "Non Duplication of

Coverage or Limits Endorsement," which provides:

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

This insurance policy does not cover any claim or benefit covered under policy
number GP8313056. The intent of this endorsement is to restrict coverage and not
duplicate coverage or limits liability.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN
UNCHANGED

27.     Colony issued Garage Policy No. GP831056 to Thweatt, effective from August 27,

2019, to August 27, 2020, and is subject to a limit of insurance of $500,000 per accident ("Garage

Policy"). Colony is defending Thweatt under the Garage Policy. Therefore, Non Duplication of

Coverage or Limits Endorsement precludes coverage for Thweatt under the Motor Carrier Policy.

**VI.     AAA IS NOT AN INSURED ON THE MOTOR CARRIER POLICY OR THE GARAGE POLICY**

28.     The Motor Carrier policy defines the term "insured" as:

"Insured" means any person or organization qualifying as an insured in the Who Is
An Insured provision of the applicable coverage. Except with respect to the Limit
of Insurance, the coverage afforded applies separately to each insured who is
seeking coverage or against whom a claim or "suit" is brought.

29.     The Motor Carrier liability coverage part contains the following Who Is An Insured

provision:

1.  Who Is An Insured

    The following are "insureds":

    a.  You for any covered "auto".

    b.  Anyone else while using with your permission a covered "auto" you own,
        hire or borrow except:

(1) The owner, or any "employee, agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto."

(2) Your "employee" or agent if the covered auto is owned by that "employee" or agent or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership), or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. The owner or anyone else from whom you hire or borrow a covered "auto· that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

(1) Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

(a) If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

(b) If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

However, Paragraph (1) above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

(2) Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" or a "covered pollution cost or expense" occurs while the "trailer" is detached from a covered "auto" you are using and:

(a) Is being transported by the carrier; or

(b) Is being loaded on or unloaded from any unit of transportation by the carrier.

30.     AAA does not qualify as an "insured" under the foregoing provisions.

31.     Further, there are no endorsements on the Motor Carrier Policy that provide AAA the status of an additional insured or any other type of insured. Therefore, even if the underlying claims were covered under the Motor Carrier Policy, AAA would not be afforded coverage because it is not an insured.

32.     The Garage Policy defines the term "insured" as:

I.   "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

33.     The Garage Policy liability coverage part contains the following Who Is An Insured provision:

3.   Who Is An Insured

a.   The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household. (c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

(d) Your customers. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b.  The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

AAA does not qualify as an "insured" under the foregoing provisions.

34.     Further, there are no endorsements on the Garage Policy that provide AAA the status of an additional insured or any other type of insured. Therefore, there is no coverage for the claims asserted against AAA in the Underlying Lawsuit because it is not an insured on the Garage Policy.

**VII.    COUNT ONE: DECLARATORY JUDGMENT —
         NO COVERAGE UNDER MOTOR CARRIER POLICY**

35.     The allegations in paragraphs 1 through 34 above are incorporated herein by reference.

36.     Argonaut seeks a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to defend or indemnify Thweatt or AAA against the claims that have or could be brought in the Underlying Lawsuit under the Motor Carrier Policy.

**VIII.   COUNT TWO: DECLARATORY JUDGMENT —
         AAA IS NOT AN INSURED ON EITHER THE MOTOR CARRIER OR GARAGE POLICY**

37.     The allegations in paragraphs 1 through 36 above are incorporated herein by reference.

38.     Argonaut seeks a declaration pursuant to 28 U.S.C. § 2201 that AAA is not an insured or additional insured on the Motor Carrier Policy, and, therefore, Argonaut has no duty to defend or indemnify AAA.

39.     Colony seeks a declaration pursuant to 28 U.S.C. § 2201 that AAA is not an insured or additional insured on the Garage Policy, and, and, therefore, Colony has no duty to defend or indemnify AAA.

**IX.    RESERVATION TO AMEND**

40.     Plaintiffs reserve the right to amend this action as necessary and to include any additional claims that may be made.

## X.   PRAYER

WHEREFORE, Plaintiffs pray for a declaration as set forth above and for any further relief to which they are justly entitled.

Respectfully submitted,


/s/ Stephen A. Melendi
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR PLAINTIFFS ARGONAUT
MIDWEST INSURANCE COMPANY AND
COLONY INSURANCE COMPANY**